UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| TERRY GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:13-CV-531 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| JIMMY "J.J." JOHNSON, in his | ) |
| individual and official capacity, and | ) |
| KNOX COUNTY, TENNESSEE | ) |
| | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M**

Before the Court is Defendants Jimmy "J.J." Johnson's, in his individual and official capacity, and Knox County, Tennessee's ("Defendants") motion to dismiss Plaintiff Terry Garrett's ("Plaintiff") complaint (Court File No. 6). Plaintiff filed a response to the motion (Court File No. 12). For the following reasons the Court will **GRANT** Defendants' motion to dismiss Plaintiff's federal claim and decline to exercise supplemental jurisdiction over Plaintiff's state law claims

**I.    RELEVANT FACTS**

In September 2010 Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") based on Defendants' alleged violation of the Americans with Disabilities Act. The EEOC issued an initial Right to Sue ("RTS") letter on January 24, 2013, a copy of which is attached to Defendants' motion to dismiss brief (Court File No. 7). The EEOC then issued a subsequent RTS letter on May 31, 2013, a copy of which is attached to Plaintiff's response brief (Court File No. 12). Defendants do not contest the authenticity of this second notice.

On September 4, 2013, Plaintiff filed the instant suit alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; the Tennessee Human Rights Act, Tenn.

Code Ann. §§ 4-21-101, *et seq.*; and the Tennessee Disability Act, Tenn. Code Ann. §§ 8-50-103, *et seq*. Defendants then filed a motion to dismiss asserting Plaintiff's claim is time barred because Plaintiff did not file within ninety days of receiving an RTS letter, as required by 42 U.S.C. § 2000e-5(f)(1).

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer*, *Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S.

2

at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Federal Claim

Defendants argue the instant ADA claim falls outside the relevant statute of limitations. When a plaintiff's cause of action requires that an RTS letter be issued before the plaintiff may file suit, the suit is time barred if not filed within 90 days of the plaintiff's receipt of the RTS letter. *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (citing 42 U.S.C. § 2000e-5(f)(1)). Federal courts are to strictly enforce the ninety-day statutory limit. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (per curiam) (noting that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

Courts in the Sixth Circuit presume that a plaintiff receives—and thus has notice of—the RTS letter on the fifth day after it is mailed by the EEOC, "unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that [five-day] period." *Graham-Humphreys*, 209 F.3d at 557.[1] Courts generally presume the RTS letter was mailed the same day it was issued by the EEOC unless there is evidence to the contrary. *See Ruiz v. Vilsack*,

---

[1] The Court held it resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period.
*Graham-Humphreys*, 209 F.3d at 557.

763 F. Supp. 2d 168, 171 (D.D.C. 2011).

Here, the second RTS letter was issued on May 31, 2013. Plaintiff made no averments in his complaint regarding when the letter was mailed or when he received it. Nor has he submitted evidence on these questions. Given the lack of evidence to the contrary, the letter is presumed to have been mailed on the date it was issued, May 31, 2013. *See Ruiz*, 763 F. Supp. 2d at 171 (D.D.C. 2011). And Plaintiff is presumed to have received the letter five days later, June 5, 2013. *See Graham-Humphreys*, 209 F.3d at 557. Thus to avoid being time barred, Plaintiff needed to have filed the instant suit by September 3, 2013, ninety days after his receipt of the letter. Plaintiff, however, filed on September 4, 2013, a day after the window to sue closed. This means the suit is properly time barred absent a showing that equitable tolling is appropriate, and Plaintiff does not argue any grounds for tolling.

Plaintiff's response brief states he received the second RTS letter "on or about June 6, 2013." The Court cannot credit this statement, however, as it is not accompanied by any proof. Alone it is an unsupported factual assertion in a brief. Thus the presumption that notice was received five days after the EEOC mailed the letter holds. Accordingly, the Court will dismiss as time bared Plaintiff's ADA claim.

### B. State Claims

State law claims brought in a federal-question case can only be heard by the Court through the exercise of supplemental jurisdiction. 28 U.S.C. § 1367. The exercise of federal supplemental jurisdiction is discretionary. District courts may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the

4

district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, the Court has dismissed the claim over which it has original jurisdiction, thus the third rationale of § 1367(c) applies. When all federal claims have been dismissed, the preferred disposition of state law claims is dismissal, or, where a case has come into federal court on removal, remand to state court. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citing *MussonTheatrical, Inc.* v. *Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). Because the Court will **GRANT** Defendant's motion to dismiss the federal claim, the Court will dismiss the state law claims as well.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' motion to dismiss Plaintiff's federal claim and decline to exercise supplemental jurisdiction over Plaintiff's state law claims (Court File No. 6). There being no other issues in this case, the Court will **DIRECT** the Clerk of Court to **CLOSE** the case.

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**